UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MITCHELL WINE**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF THE INTERIOR**, <br><br> Defendant. | Case No. 1:21-cv-03349 (TNM) |

**MEMORANDUM OPINION**

Proceeding *pro se*, Mitchell Wine filed a Complaint seeking documents under the Freedom of Information Act, 5 U.S.C. § 552. *See* Compl., ECF No. 1. He later filed an Amended Complaint adding claims against the Merit Systems Protection Board (MSPB) for whistleblower reprisal, disability discrimination, and civil rights violations. *See* Am. Compl., ECF No. 8. When the Department did not appear or respond to Wine's Amended Complaint, he moved for default judgment and injunctive relief. *See* Mot. Def. J., ECF No. 15. Also pending before the Court are Wine's motion for disclosure, *see* Mot. to Disclose, ECF No. 14; motion to add Arkansas as a party, *see* ECF No. 18; motion to disqualify the Court, *see* Mot. to Disqualify, ECF No. 19; and motion for an immediate ruling, *see* ECF No. 21.

The Court will dismiss the case because Wine has failed to properly serve the Department. But first it addresses Wine's motion to disqualify the Court. *See Montgomery v. Barr,* 502 F. Supp. 3d 165, 169 (D.D.C. 2020) (considering motion to disqualify before transfer request). Wine claims the Court should recuse because it did not "disclose all conflicts of interests related to [the Court's] past employment with the Department [of Justice]." *See* Mot. to

Disqualify at 1.[1]  Wine appears to be referring to his earlier motion for disclosure.  *See* Mot. to Disclose.  This motion states that the undersigned was employed by the Department of Justice (DOJ) during the time Wine was a whistleblower in federal cases that DOJ was defending.  *See id.* at 2.  The motion also states DOJ is now prosecuting Wine in a case in Arkansas.  *Id.*  It asks the Court to disclose: (1) "any knowledge [it] had of Plaintiff's case(s) while [the undersigned] was employed with [the Department of Justice]," (2) "any connections [he] has to anyone still working at the Department of Justice with interest or involvement in this case," (3) "any relationship [he] has with Tristan Leavitt and any other government employee with knowledge of or interest in this case," and (4) "any discussions [he] had with Judge Colloton."  *Id.* at 3.

"A court has broad discretion in considering the sufficiency of a motion to recuse pursuant to 28 U.S.C. § 455."  *United States v. Nixon*, 267 F. Supp. 3d 140, 146 (D.D.C. 2017).  "[D]isqualification of a judge is not lightly granted."  *United States v. Pollard*, 959 F.2d 1011, 1023 (D.C. Cir. 1992).  And there is a "presumption against disqualification."  *Nixon*, 267 F. Supp. 3d at 147 (cleaned up) (citing cases); *Montgomery*, 502 F. Supp. 3d at 170 (same).

Section 455 enumerates the circumstances that require judicial recusal.  Section 455(b) is specific.  It provides five scenarios that compel a judge to withdraw from a case.  *See* 28 U.S.C. § 455(b)(1)–(5).  One scenario is if the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."  *Id.* § 455(b)(3).  The D.C. Circuit has made clear that recusal requests based on prior government service must satisfy Section 455(b)(3) "except in rare and extraordinary circumstances."  *See In*

---

[1] All page numbers refer to the pagination generated by the Court's CM/ECF system.

re *Hawsawi*, 955 F.3d 152, 160 (D.C. Cir. 2020) (cleaned up); *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 471 F.3d 1355, 1358 (D.C. Cir. 2006) (Kavanaugh, J.).

The undersigned did not know about Wine's other cases while at DOJ. The Court does not have any current knowledge of Wine's other cases apart from what he has filed in this case. Nor has the Court talked to DOJ employees about Wine's other cases at any time. Wine provides no other reason that the Court should recuse, so this is not a "rare and extraordinary circumstance[]." *In re Hawsawi*, 955 F.3d at 160. The Court therefore declines to recuse itself. *See also In re Third Party Subpoena to Fusion GPS*, 292 F. Supp. 3d 307, 309 (D.D.C. 2018) ("[A] judge has as much an obligation not to recuse himself where there is no reason to do so as he does to recuse himself when proper.").[2]

Now consider Wine's service of the Department. Within 90 days of filing a complaint, plaintiffs must properly serve defendants or "the court—on motion or on its own after notice to the plaintiff—must dismiss the action." Fed. R. Civ. P. 4(m); *see also Morrissey v. Mayorkas*, 17 F.4th 1150, 1153 (D.C. Cir. 2021) (holding that a district court has "broad discretion" to dismiss a complaint under Rule 4(m)). Wine filed his Complaint on December 13, 2021, so he needed to complete service by March 14, 2022. Despite multiple warnings and guidance from the Court, Wine did not do so.

Wine sued the Department of the Interior. *See* Am. Compl. at 1. Under Federal Rule of Civil Procedure 4(i)(2), a plaintiff suing a United States agency "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the

---

[2] Section 455(a) contains a catchall recusal provision: The Court should recuse itself "in any proceeding in which [its] impartiality might reasonably be questioned." Because the Court never had any involvement in or knowledge of the other cases Wine references, this subsection is not implicated.

agency." To serve the United States, a party must serve the Complaint and summons on the United States' Attorney, *see* FRCP 4(i)(1)(A), and the Attorney General, *see* FRCP 4(i)(1)(B). *Morrissey v. Wolf,* 333 F.R.D. 1, 2 (D.D.C. 2019), *aff'd sub. nom., Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. 2021).

In an order denying Wine's first motion for injunctive relief, the Court directed him to these rules. *See* Order at 2, ECF No. 3. Wine then filed proof of service. *See* Ret. of Serv., ECF No. 11. The Court told Wine that his proof of service was sufficient only for the U.S. Attorney's Office. *See* Order at 2, ECF No. 16. It instructed him that he needed to file "proof of service on DOI and the Attorney General . . . by March 14, 2022, or the Court may dismiss the case for failure to prosecute." *Id.* The Court again directed Wine to Rule Federal Rule of Civil Procedure 4(i). *See id.* at 1–2.

Wine then filed proof of service on the Department of the Interior. *See* Further Proof of Serv. at 4, ECF No. 17. But he claimed the rules did not require him to file proof of service for the Attorney General. *See id.* at 1–2. A few weeks later, Wine called the Court to ask about when the Court would rule on his motions and was again informed that he needed to serve the Attorney General. *See* Further Proof of Serv. at 1–2, ECF No. 20. Wine claims this is "simply not true," *see id.* at 2, but he submitted a photo showing an envelope addressed to the Attorney General, *id.* at 4.[3]

---

[3] The Court observes that Wine might misunderstand that Rule 4(i)'s requirements to serve the U.S. Attorney and the Attorney General are in separate parts of the Rule—4(i)(1)(A) and 4(i)(1)(B). Wine suggests that these two sections are joined by an "or," meaning he only needs to serve the U.S. Attorney or the Attorney General. *See* Further Proof of Serv. at 2, ECF No. 20. He is wrong. Rule 4(i)(1)(A)(i) and 4(i)(1)(A)(ii) are joined by "or," but 4(i)(1)(A) and 4(i)(1)(B) are part of a three-part list joined by "and." *See* FRCP 4(1)(B) (joining 4(i)(1)(A), 4(i)(1)(B), and 4(i)(1)(C) with "and").

Wine's photo lacks proof of service because it does not show anything was delivered to the Attorney General. *See id.* at 4. Even if it did, Wine could not have properly served the Attorney General because he never requested summons to issue to the Attorney General. *See* Summons, ECF No. 6 (showing summons issued for the U.S. Attorney's Office and the Department of the Interior). Federal Rule of Civil Procedure 4(i)(1)(A) requires a plaintiff to "deliver a copy of the summons and of the complaint" to the U.S. Attorney and Rule 4(i)(1)(B) requires a plaintiff to "send *a copy of each* by registered or certified mail to the Attorney General of the United States" (emphasis added).

The Court has referred Wine to Federal Rule of Civil Procedure 4(i) three times. And it has explicitly told him that he needed to serve the Attorney General pursuant to Rule 4(i). Rather than following the Court's guidance, he chose to quibble. Because Wine has failed to properly serve the Department, the Court will dismiss the case without prejudice. *Accord Morrissey v. Mayorkas*, 17 F.4th at 1158 (affirming dismissal without prejudice for failure to properly serve United States).

A separate Order will issue.

Dated: March 25, 2022                    TREVOR N. McFADDEN, U.S.D.J.