## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MITCHELL WINE,** | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-3349 (TNM) |
| **DEPARTMENT OF THE INTERIOR,** | |
| Defendant. | |

## <u>MEMORANDUM OPINION</u>

Mitchell Wine previously worked at the Fish and Wildlife Service within the Department of the Interior.  After he left, a law enforcement officer went to Wine's home to retrieve Interior property.  Wine then submitted a request to Interior under the Freedom of Information Act (FOIA) seeking records about the officer's entry onto his property.  In response, Interior produced one email containing redactions under various FOIA exemptions.

Proceeding *pro se*, Wine sued Interior under FOIA to obtain an unredacted copy of the same email.  Wine has since amended his Complaint to add claims under the Privacy Act, Civil Service Reform Act, American with Disabilities Act, U.S. Constitution, common law, and D.C. Code.  Interior filed a combined Motion for Summary Judgment and Motion to Dismiss.  The Court will grant Interior's Motion for Summary Judgment on Wine's FOIA and Privacy Act claims and will grant its Motion to Dismiss Wine's other claims for lack of subject matter jurisdiction and failure to state a claim.

## I.

Wine worked at the Service for almost fifteen years.  *See* Statement of Undisputed

Material Facts (SUMF) ¶ 1, ECF No. 38-1.[1]  The Service removed him from his position and

Wine challenged this removal before the Merit Systems Protection Board (the Board).  SUMF ¶

2.  As a result, the Service and Wine reached a settlement agreement in which Wine agreed to

waive future litigation for acts arising out of his employment with the Service.  SUMF ¶ 3.  Wine

later sought to rescind his settlement agreement, but the Board rejected this request.  SUMF ¶ 5.

This dispute began after an Interior officer went to Wine's home soon after he was fired.

Wine claims that the officer illegally entered his property, and he filed a claim for intentional

infliction of emotional distress with the Arkansas State Claims Commission (the Commission).

*See* Am. Compl. (Compl.) at 2, ECF No. 32[2]; SUMF ¶ 6–7.  The Commission denied Wine's

claim, finding that the Interior's officer went to Wine's property to retrieve government property.

SUMF ¶ 8.

Wine then submitted a FOIA request for records about the officer's entry onto his

property.  *See* Compl. at 1.  In response, Interior produced an email with information redacted

under FOIA Exemptions 6 and 7.  SUMF ¶ 10.  Though Wine appealed a similar FOIA request

within the Department of Homeland Security (DHS), he did not file an administrative appeal

within Interior after receiving the redacted email.  SUMF ¶ 11; Decl. of Darrell Strayhorn

---

[1]  Interior attaches a Statement of Undisputed Material Facts to its Combined Motion for
Summary Judgment and Motion to Dismiss.  *See* ECF No. 38-1.  Though Wine says he opposes
many of these facts, he does not specify which ones.  *See* Pl.'s Opp'n ¶ 29, ECF No. 43.  A party
who disputes a fact in a statement of undisputed material facts must file a statement of genuine
issues in opposition.  *See* LCvR 7(h)(1).  Because Wine filed no such document, the Court may
consider the facts in Defendant's Statement admitted.  *See id; see also SEC v. Banner Fund Int'l*,
211 F.3d 602, 616 (D.C. Cir. 2000)*.

[2]  The Court refers to the ECF-generated page numbers when citing to Wine's filings.

(Strayhorn Decl.) ¶ 5–10, ECF No. 38-2.  Instead, Wine sued seeking production of the unredacted email under FOIA.

Wine then amended his Complaint to include a similar claim against Interior under the Privacy Act, plus other constitutional and statutory claims.  *See* Compl. at 4–8.  All told, Wine alleges statutory violations of FOIA, 5 U.S.C. § 552; the Privacy Act, 5 U.S.C. § 552(a); the Civil Service Reform Act, 5 U.S.C. § 2302(b)(14); the Americans with Disabilities Act, 42 U.S.C. § 12112; and § 23-582 of the D.C. Code.  *See id.*  He also claims that Interior intentionally inflicted emotional distress, committed a felony by making a false statement, violated his rights under the First, Fourth, and Fifth Amendments, deprived him of his rights under 42 U.S.C. §§ 1982, 1983, and 1985, and maliciously prosecuted him.  *See id.*  Wine asks this Court to enter an injunction ordering Interior to release an unredacted copy of the email it already produced to him about the agent's entry onto his property.  *See id.* at 8.  Wine also seeks "emergency injunctive relief" restoring him to his previous role within the Service.  *See id.*

Interior moves for summary judgment under Federal Rule of Civil Procedure 56 on Wine's FOIA and Privacy Act claims, and to dismiss his other claims under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim.  *See* Def's Mot. for Summ. J. and Mot. to Dismiss (Def's Mot.), ECF No. 38.  This Motion is now ripe.[3]

---

[3]  Also pending are Wine's two Motions for Emergency Relief, *see* ECF Nos. 27 and 41, his Motion for Leave to File a Surreply, *see* ECF No. 45, and his Motion for Discovery, *see* ECF No. 49.  Because Wine is *pro se*, the Court will consider the totality of his filings, including his two Motions for Emergency Relief and his Surreply.  *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).  But the Court will deny Wine's Motion for Discovery. Wine claims he needs discovery to know who to sue in an Amended Complaint.  *See* Mot. for Discovery ¶ 6.  But Wine does not show how an Amended Complaint would otherwise cure the deficiencies in the claims that he brings.  And "[i]t is well-established in this district that a plaintiff cannot amend his Complaint in opposition to a defendant's motion for summary judgment or motion to dismiss."  *Petrucelli v. Dep't of Justice*, 453 F. Supp. 3d 126, 135 (D.D.C. 2020) (cleaned up).  Therefore, the Court will deny Wine's Motion for Discovery.

## II.

Under Rule 12(b)(1), this Court presumes it lacks subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute." *Id.* An essential element of the jurisdictional analysis is whether the Defendant may be sued at all. Agencies of the United States are immune from suit in their official capacities unless Congress has expressly waived their sovereign immunity by statute. *See Albrecht v. Comm. on Emp. Benefits of the Fed. Reserve Emp. Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004). Wine bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Under Rule 56(a), summary judgment is proper if "there is no genuine dispute of any material fact" so that the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Court credits the nonmoving party's factual allegations and draws all justifiable inferences in his favor in ruling on a summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). And a Court may convert a motion to dismiss into a motion for summary judgment before discovery if "both sides had a reasonable opportunity to present evidence." *Wiley v. Glassman*, 511 F.3d 151, 160–61 (D.C. Cir. 2007).

In this Court, a party opposing a motion for summary judgment must also comply with Local Rule 7.1(h), which requires him to file "a separate concise statement of genuine issues setting forth all material facts" that he disputes. LCvR 7.1(h); *see also SEC v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000). If the party opposing the summary judgment motion fails to file such a document, the Court should consider the moving party's statement of

undisputed facts admitted.  *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*
101 F.3d 145, 151 (D.C. Cir. 1996) (explaining that "strict compliance" with this rule is
justified).

Because Wine is *pro se*, the Court "liberally construe[s]" his Complaint and holds it "to
less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.
89, 94 (2007).  The Court may also consider Wine's supplemental filings "to clarify the precise
claims being urged." *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007).  But these
relaxed standards do not relieve Wine of his obligation to comply with the Federal Rules of Civil
Procedure or the Local Rules.  *See Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016).

### III.

### A.

Wine argues that Interior should be compelled to produce an unredacted copy of the
email about law enforcement's entry onto his property under FOIA and the Privacy Act.  *See*
Compl. at 2.  Interior responds that these claims must be dismissed because Wine did not exhaust
his administrative remedies as both Acts require.  *See* Def.'s Mot. at 3–4.

FOIA "requires each requestor to exhaust administrative remedies" before seeking
judicial review.  *Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999).  Exhausting
administrative remedies includes filing a timely administrative appeal within the agency from
whom a plaintiff seeks records.  *See* 43 C.F.R. § 2.64.

Exhaustion of administrative remedies is a prudential consideration rather than a
jurisdictional prerequisite.  *See Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004).  Even so,
failure to exhaust precludes judicial review if the "particular administrative scheme" and "the
purposes of exhaustion" support such a bar.  *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir.

2003).  The purposes of exhaustion include "preventing premature interference with agency processes, afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, and compil[ing] a record which is adequate for judicial review."  *Id.* (quoting *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993)) (cleaned up).  FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review.  *See id.*

So too under the Privacy Act.  "A person seeking judicial review of an agency's handling of his or her Privacy Act request must actually exhaust the available administrative remedies." *Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013); *see also Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990).  And "exhaustion under the Privacy Act is a jurisdictional requirement."  *Stein v. SEC*, 266 F. Supp. 3d 326, 336 (D.D.C. 2017) (citing 5 U.S.C. §§ 552a(d)(1)–3, (g)(1)); *see also Haase*, 893 F.2d at 373.

Interior requires individuals to administratively appeal the results of their FOIA and Privacy Act requests.  *See* 43 C.F.R. §§ 2.57-2.64, 2.240.  Wine claims that he has exhausted his administrative remedies under both Acts.  *See* Proof of Exhaust. of Admin. Remedies & Mot. to Renew Emer. Relief Requests (Mot. for Emer. Relief 2), Ex. A, ECF No. 41.  But he provides no evidence to support this assertion.  *See* SUMF ¶ 11.

Though Wine provides evidence that he filed an administrative appeal within a different agency, *see* Mot. for Emer. Relief 2, Ex. A, he does not show that he appealed within Interior, *see* SUMF ¶ 11.  Wine only supplies an email from a Service employee who advised him to contact DHS about the redacted email.  *See id.*  But this communication does not relieve Wine of his obligation to exhaust under Interior regulations.  *See* 43 C.F.R. §§ 2.57-2.64, 2.240.

More, Interior submits a declaration from its FOIA and Privacy Act Appeals Officer that contradicts Wine's unsubstantiated claims about exhaustion.  Interior's declarant attests that he

performed different searches using variations of Wine's name within the relevant database but found no evidence of Wine's alleged appeal of the redacted email. *See* SUMF ¶ 15–18; Strayhorn Decl. ¶ 5–10. Though the declarant found evidence that Wine appealed different FOIA requests within Interior, he found nothing pertaining to the unredacted email attached to Wine's Complaint. *See* Strayhorn Decl. ¶ 7–10.

Wine argues in the alternative that the Privacy Act does not require exhaustion. *See* Pl.'s Opp'n at 2–3, ECF No. 43. Not so. The Act requires the person seeking records to complete a multi-step process within the agency before suing. *See* 5 U.S.C. § 552a(d)(1)–(3); 5 U.S.C. § 552a(g)(1)(B); *see also, e.g.*, *Haase*, 893 F.2d at 373 (explaining that a plaintiff seeking access to records must seek "access from the agency and . . . review within the agency before coming to court."); *Barouch*, 962 F. Supp. 2d at 67 (collecting cases).

Because Wine fails to provide evidence substantiating his claim that he exhausted administrative remedies, no genuine issue of material fact exists. *See Ginger v. District of Columbia*, 527 F.3d 1340, 1347 (D.C. Cir. 2008). The Court will grant Interior's motion for summary judgment on Wine's FOIA and Privacy Act claims.

**B.**

Wine also argues that Interior improperly accessed his medical records in violation of the Civil Service Reform Act (CSRA), violated his rights under the Americans with Disabilities Act (ADA), and intentionally inflicted emotional distress by directing law enforcement to enter his home. *See* Compl. at 3–6. Interior responds that this Court lacks jurisdiction to hear these claims. *See* Def.'s Mot. at 5–6.

### 1.

CSRA "established a comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 455 (1988).  If an agency removes an employee, CSRA gives him the right to counsel and a hearing before the Board.  *See Elgin v. Dept. of Treasury*, 567 U.S. 1, 6 (2012).  An employee dissatisfied with the decision of the Board must appeal to the Court of Appeals for the Federal Circuit.  *See id.*  The Federal Circuit has "exclusive jurisdiction" over such appeals.  28 U.S.C. § 1295(a)(9); *see also Lacson v. DHS*, 726 F.3d 170, 174 (D.C. Cir. 2013).

There is an exception to the Federal Circuit's exclusive jurisdiction for "mixed cases"— those alleging adverse employment action based on race, gender, age, or disability in violation of federal antidiscrimination laws.  *See Perry v. MSPB*, 137 S. Ct. 1975, 1979 (2017).  When the Board dismisses a mixed case on the merits or on procedural grounds, this Court has jurisdiction. *Id.* at 1979–80.  But the employee must seek review in this Court "within 30 days" of the Board's decision.  5 U.S.C. § 7703(b)(2).  This time limit is jurisdictional and is not subject to enlargement.  *See King v. Dole*, 782 F.2d 274, 276 (D.C. Cir. 1986) (dismissing lawsuit filed 31 days after the Board's decision became final).

Wine argues that he is appealing such a "mixed case."  *See* Pl.'s Opp'n at 3.  The Board dismissed Wine's appeal for procedural reasons on January 11, 2022, and its decision became final on February 15.  *See Wine v. DOI*, No. DA-0353-22-0105-I-1, 2022 WL 137713 (MSPB Jan. 11, 2022).  The Board's decision included a "Notice to Appellant" section informing Wine that he "may obtain judicial review of this decision . . . by filing a civil action with an appropriate U.S. district court . . . within **30 calendar** days <u>after this decision becomes final</u>."  *Id.* (emphases in original).  Wine therefore had to seek review in this Court by March 17, 2022.  *See*

*id.; see also King*, 782 F.2d at 276.  He did not.  Wine raised his CSRA claim for the first time in

his Amended Complaint on May 11, 2022.  *See* Am. Compl. at 4.  Nowhere does he argue that

his CSRA claim relates back to the original complaint, or that his initial CSRA claim "arose out

of the conduct, transaction, or occurrence . . . in the original pleading."  Fed. R. Civ. P.

15(c)(1)(B).  Nor could he because his original Complaint levied only FOIA arguments.  *See*

Compl., ECF No. 1.

So even if he appeals a "mixed case" from the Board, Wine did not file within the

statutorily-mandated 30-day timeframe.  As a result, this Court lacks jurisdiction over Wine's

CSRA claim and must dismiss it.  *See King*, 782 F.2d at 276.

**2.**

Next up is Wine's ADA claim.  Wine claims that Interior violated the ADA, *see* 42

U.S.C. § 12101 *et seq.*, by refusing to restore him to his previous position within the Service

after his medical leave.  *See* Compl. at 4.  But this claim fails as a matter of law because the

federal government is not an "employer" under the ADA.  *See* 42 U.S.C. § 12111 ("The term

'employer' does not include . . . the United States.");  *see also Williams v. Brennan*, 285 F. Supp.

3d 1, 7 (D.D.C. 2017).

Even if the Court considers Wine's claim under the Rehabilitation Act—"the exclusive

remedy for federal employees alleging disability discrimination," *Welsh v. Hagler*, 83 F. Supp.

3d 212, 222 (D.D.C. 2015)—it still fails.  The Rehabilitation Act also requires individuals to

exhaust administrative remedies before suing.  *See* 29 U.S.C. § 794a(a)(1);  *see also Barkley v.*

*U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 33 (D.C. Cir. 2014).  The exhaustion

requirement is part of a "carefully structured scheme for resolving charges of discrimination

within federal agencies."  *Id.* (quoting *Kizas v. Webster*, 707 F.2d 524, 543 (D.C. Cir. 1983)).

And because the exhaustion requirement is a condition on the federal government's waiver of sovereign immunity, it requires strict adherence. *See id; see also Lane v. Pena*, 518 U.S. 187, 192 (1996). Courts must therefore dismiss claims for lack of jurisdiction when the employee has failed to exhaust administrative remedies. *See Barkley*, 766 F.3d at 36.

Wine does not allege that he raised any Rehabilitation Act claim before Interior. Instead, he argues that he exhausted his administrative remedies by raising a disability discrimination claim in his case before the Board. *See* Pl.'s Opp'n at 4. But as with his CSRA claim, Wine did not raise his disability discrimination argument in this Court within 30 days of the Board's dismissal. *See* 5 U.S.C. § 7703(b)(2). Thus, this Court lacks jurisdiction and will dismiss Wine's disability discrimination claim. *See King*, 782 F.2d at 276.

**3.**

Wine next argues that Interior intentionally inflicted emotional distress by sending an officer to his home and by withholding "material evidence that explains why and how the break in occurred." Compl. at 8. Interior argues that this Court lacks jurisdiction over these claims because Wine did not exhaust administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346. *See* Def.'s Mot. at 6.

The FTCA provides the "exclusive avenue for relief" for tort claims against the federal government. *See Auction Co. of Am. v. FDIC*, 132 F.3d 746, 753 n.5 (D.C. Cir. 1997) (citing *FDIC v. Meyer*, 510 U.S. 471, 474 (1994)). And the FTCA requires individuals to exhaust administrative remedies before suing. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). The FTCA's exhaustion requirement is jurisdictional. *See id.* Wine has not pled facts alleging that he exhausted administrative remedies under the FTCA. So the Court must dismiss his intentional infliction of emotional distress claim for want of jurisdiction.

## C.

Wine also brings Constitutional and Civil Rights Act claims against Interior.  *See* Compl. at 5–6.  Interior argues that this Court lacks jurisdiction to hear these claims.  *See* Def.'s Mot. at 7–9.

Wine first alleges that Interior violated his rights under the First, Fourth, and Fifth Amendments.  *See* Compl. at 5.  First, he claims Interior violated his First Amendment rights by filing "false information in a malicious criminal court proceeding" against him.  *See id.*  Second, he argues that Interior infringed on his Fourth Amendment rights by sending an officer to search his property.  *See id.*  Third, he claims that Interior deprived him of his employment in violation of the Fifth Amendment.  *See id.*  Interior counters that Wine may not sued it under any of these theories because of its sovereign immunity.  *See* Def.'s Mot. at 7–8.

"Federal constitutional claims for damages are cognizable only under *Bivens*, which runs against individual government officials personally."  *Loumiet v. United States*, 828 F.3d 935, 946 (D.C. Cir. 2016).  Wine sues only Interior, not any of its officers in their individual capacities. But "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Wine does not show that the United States has waived sovereign immunity in this context.  Thus, the Court must dismiss Wine's constitutional claims for damages.  *See id.*

Wine next claims that Interior violated his rights under Sections 1982, 1983, and 1985 of the Civil Rights Act.  *See* Compl. at 5–6.  He argues that Interior violated § 1982 by affecting his private business interests, disregarded § 1983 by sending law enforcement to his property, and "conspired to interfere with [his] civil rights . . . to deprive him of federal employment in violation" of § 1985.  *See id.* at 5.  Again, Interior counters that it is immune from such claims. *See* Def.'s Mot. at 9.

11

Interior is correct.  By its terms, § 1983 applies only to individuals acting under color of state law.  *See* 42 U.S.C. § 1983.  So it cannot be the basis for an action against the federal government because the statute does not waive sovereign immunity.  *See, e.g.*, *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005); *see also Bundy v. Sessions,* 387 F. Supp. 3d 121, 127 (D.D.C. 2019) (dismissing § 1983 claims against federal agents), *aff'd*, 812 F. App'x 1 (D.C. Cir. 2020).  So too for §§ 1982 and 1985.  *See, e.g.*, *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017) ("[F]ederal employees acting in their official capacities are immune from liability for alleged violations of . . . [all] provision[s] of the Civil Rights Act." (cleaned up)).

## D.

Wine also alleges that an Interior official committed a felony, and that Interior maliciously prosecuted him and violated Section 23-582 of the D.C. Code.  *See* Compl. at 6. Interior responds that these claims must be dismissed because Wine fails to supply a cause of action.  *See* Def.'s Mot. at 9–10.

First up are Wine's claims that Interior and its official committed felonies.  *See* Compl. at 4 (alleging that an Interior employee submitted false information to the Department of Labor so that Wine's workers' compensation claim would be denied); *see also* Compl. at 6 (alleging that Interior violated 18 U.S.C. 242 by dispatching police officers to Wine's house).  But as to the first claim about the Interior employee submitting false information, the Supreme Court has been "quite reluctant to infer a private right of action from a criminal prohibition alone."  *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994).  This is so because under "most criminal statutes, the Government alone determines whether to prosecute offenders." *Bauer v. Marmara*, 774 F.3d 1026, 1032 (D.C. Cir. 2014).  And as to the second claim rooted in

18 U.S.C. 242, the D.C. Circuit has held that this provision confers no private right of action. *See, e.g.*, *Al-Hakim v. Obama*, 650 F. App'x 29, 29 (D.C. Cir. 2016). Wine cites no other cause of action to bring these claims. For these reasons, the Court will dismiss his arguments that Interior and its official committed a felony.

Next up are Wine's claims that Interior conspired with Arkansas to maliciously prosecute him and that Interior violated § 23-582 of the D.C. Code, which pertains to warrantless arrests. *See* Compl. at 6. Again, Wine fails to cite a cause of action for either claim, nor does § 23-582 create one. *See* D.C. Code § 23-582 (explaining the powers a special police officer has to arrest someone without a warrant and the circumstances under which a private citizen may make an arrest). Even if Wine meant to invoke a state-law cause of action for either claim, the Court declines to exercise supplemental jurisdiction over such claims because it dismisses all of Wine's federal claims. *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (explaining that when all federal claims are eliminated before trial, the balance of the supplemental jurisdiction factors "will point toward declining to exercise jurisdiction"). The Court will therefore dismiss Wine's claims that Interior maliciously prosecuted him and violated D.C. Code § 23-582.

**IV.**

For these reasons, the Court will grant Interior's Motion for Summary Judgment as to Wine's FOIA and Privacy Act claims.  The Court will also grant Interior's Motion to Dismiss Wine's remaining claims.[4]  A separate Order will issue.

Dated: August 29, 2022

_____
TREVOR N. McFADDEN
United States District Judge

---

[4] Because the Court grants dismissal under Rule 12(b)(1), it need not consider Interior's arguments under 12(b)(6).