UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MITCHELL WINE,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>DEPARTMENT OF THE INTERIOR,<br><br>　　　　*Defendant*. | Civil Action No. 21-3349 (TNM) |

**OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Defendant Department of the Interior, by and through undersigned counsel, respectfully opposes Plaintiff Mitchell Wine's motion to alter or amend the judgment ("Pl.'s Mot."). ECF No. 54.[1] Wine argues that this Court erred in concluding that he failed to timely raise his claim under the Civil Service Reform Act, 5 U.S.C. § 2302(b)(14), and cites a letter dated November 28, 2018, from the Fish and Wildlife Service regarding his Freedom of Information Act ("FOIA") request, which he seems to suggest shows that he exhausted his administrative remedies. Neither argument has merit, and this Court should deny Wine's motion. A proposed order is attached.

**I.　　Wine's Civil Service Reform Act Claim Merits Dismissal**

Wine argues that this Court erred in dismissing his Civil Service Reform Act claim because he timely raised it. But the filing in which he purports to have raised this claim was a nullity, as it

---

[1]　　Wine styles his motion as a "motion for new trial," Pl.'s Mot. at 1, and purports to bring it under Federal Rule of Civil Procedure 59(a)(2), which provides for "further action after a nonjury trial," Fed. R. Civ. P. 59(a)(2). Rule 59(a)(2) is inapplicable, as there has been no trial in this case. The Department construes Wine's motion as arising under Rule 59(e), which governs motions to alter or amend the judgment. Fed. R. Civ. P. 59(e).

did not comport with Rule 15. In the alternative, Wine fails to state a claim upon which relief can

be granted, as he offers nothing but a single wholly conclusory allegation to support it.

### A.     Wine Failed to Timely Raise His Civil Service Reform Act Claim

As this Court has explained, and Wine does not dispute, Wine had until March 17, 2022,

to raise his Civil Service Reform Act claim in federal court, as the Merit System Protection Board's

dismissal of that claim became final on February 15, 2022. Mem. Op. at 8, ECF No. 52; *see also*

5 U.S.C. § 7703(b)(2) (employee must seek judicial review of Board's decision within 30 days).

Wine argues that he raised his Civil Service Reform Act claim on January 12, 2022, in a filing

styled as an amended complaint. ECF No. 8. But that filing was a nullity, as it violated Rule 15.

*See, e.g.*, *Greggs v. Autism Speaks, Inc.*, 987 F. Supp. 2d 51, 54 (D.D.C. 2014) ("the Plaintiff's

Second Amended Complaint could be stricken from the record for failure to comply with Rule

15."); *Pinson v. Dep't of Just.*, 975 F. Supp. 2d 20, 28 (D.D.C. 2013) ("The Plaintiff was not

entitled to submit this second amended complaint without first seeking leave from this Court.").

Rule 15 provides three ways to amend a complaint, none of which Wine satisfied. First, a

plaintiff may amend his complaint "once as a matter of course within . . . 21 days after serving it."

Fed. R. Civ. P. 15(a)(12)(A). But Wine filed his supposed "amended complaint" 30 days after he

had filed his initial complaint on December 13, 2021. ECF No. 1. Second, a plaintiff may amend

his complaint within 21 days of service of a responsive pleading or motion under Rules 12(b), (e),

or (f). Fed. R. Civ. P. 15(a)(1)(B). But neither the Department nor any other entity had filed any

responsive pleading or motion by the time Wine filed his supposed "amended complaint."

Third, a plaintiff may amend his complaint "with the opposing party's written consent or

the court's leave." Fed. R. Civ. P. 15(a)(2). But Wine secured neither the Department's consent

nor this Court's leave before submitting his supposed "amended complaint." *See Schmidt v. United*

*States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014) ("To be sure, Schmidt attempted to file an amended complaint . . . but that attempt failed to comply with Rule 15(a)(2) because Schmidt did not have the Government's consent, nor did he seek leave of court. As a result, the District Court rightly disallowed his amended complaint, which, absent consent or leave of court, was without legal effect."); *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) ("Rule 15(a)—even as liberally construed—applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given." (internal quotation marks omitted)). Notably, Wine obtained this Court's leave when he properly amended his complaint on May 11, 2022, ECF No. 32 (first page stamped "Leave to file GRANTED" and signed by this Court), but did not do so when he filed his supposed "amended complaint" on January 11, 2022.

Because Wine's supposed "amended complaint" did not comport with Rule 15, it is a nullity, and thus, he did not timely raise his Civil Service Reform Act claim. *See Pinson*, 975 F. Supp. 2d at 28 (dismissing purported amended complaint for failure to satisfy Rule 15). Nor can Wine rely on his pro se status to evade Rule 15's strictures. "While [courts] liberally construe pro se pleadings, pro se litigants do not have a license to ignore the Federal Rules of Civil Procedure." *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (quotation marks omitted); *see also Allen v. Jassey*, Civ. A. No. 22-1351 (TNM), 2022 WL 1908680, at *1 (D.D.C. May 31, 2022) ("Pro se litigants must comply with the Federal Rules of Civil Procedure.").

### B.     Wine Failed to State a Claim Upon Which Relief Could Be Granted

In the alternative, Wine's Civil Service Reform Act claim merits dismissal for failure to state a claim upon which relief can be granted. Wine raises his claim under 5 U.S.C. § 2302(b)(14), which prohibits federal employees possessing authority to take, direct, recommend, or approve personnel actions from "access[ing] the medical record of another employee or an applicant for

employment as a part of, or otherwise in furtherance of, any conduct" that § 2302(b) prohibits. But Wine's only allegation to support this claim is that "Defendants are in violation of 5 U.SC. 2302(b)(14) because they accessed Plaintiff's medical records in furtherance of prohibited personnel practices described in 5 U.S.C. 2302(b)(1), (b)(4), (b)(6), (b)(8), and (b)(9), *inter alia*." Am. Compl. ¶ 3, ECF No. 32; *accord* Supposed "Am. Compl." ¶ 2 (same). That is the epitome of the sort of "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, [that] do not suffice" to state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, even if Wine had timely raised his Civil Service Reform Act claim, it still would merit dismissal.

## II.      Wine Failed to Exhaust Administrative Remedies Under the FOIA and Privacy Act

As this Court has explained, Wine failed to exhaust his administrative remedies under the FOIA and Privacy Act. Mem. Op. at 5-7. In his motion, Wine emphasizes a letter dated November 26, 2018 that the Fish and Wildlife Service sent him in response to his FOIA request, which he claims he received only recently. Pl.'s Mot. at 2; *see also* Fish & Wildlife Serv. Ltr. (Nov. 26, 2018), ECF No. 54-1. But the relevance that Wine ascribes to this letter is unclear. Nothing about this letter suggests that Wine exhausted his administrative remedies. If anything, the letter casts doubt on Wine's claim that he ever invoked the Privacy Act at all in his request—it characterizes his request as one brought under the FOIA only. *See generally* Fish & Wildlife Serv. Ltr. As best the Department can tell, Wine seems to fault the Department for failing to mention that the Service withheld various other records in full or part. Pl.'s Mot. at 2. But the Department did not note this fact because it is irrelevant to the issue of whether Wine had exhausted his administrative remedies.

Wine also claims that the Department "falsely pled that only one document was produced in response to [his] information requests," while the letter shows that other records were produced

as well. Pl.'s Mot. at 2. But the Department focused on the only record at issue in this case for an

obvious reason—because it is the only record at issue in this case. The notion that the Department

deliberately concealed the fact that it responded to Wine's FOIA request even more fulsomely than

it has let on is nonsensical. Equally nonsensical is Wine's claim that the Department precluded

him from exhausting his administrative remedies by failing to produce certain records to him. *Id.*

at 2-3. It makes no sense to say that the withholding of certain records prevented Wine from filing

an administrative appeal to challenge those withholdings. In short, this Court correctly concluded

that Wine failed to exhaust his administrative remedies as to his FOIA and Privacy Act claims,

and nothing about the letter that Wine cites calls that conclusion into doubt.

## CONCLUSION

This Court should deny Wine's motion to alter or amend the judgment.

Dated: September 27, 2022

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar #481052

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ _____
    BRADLEY G. SILVERMAN
    Assistant United States Attorney
    D.C. Bar #1531664
    601 D Street NW
    Washington, DC 20530
    (202) 252-2575

*Attorneys for the United States of America*

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MITCHELL WINE,

*Plaintiff*,

v.

DEPARTMENT OF THE INTERIOR,

*Defendant*.

Civil Action No. 21-3349 (TNM)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's Motions to Alter or Amend the Judgment, the

memoranda submitted in support thereof and opposition thereto, and the entire record herein, it is

hereby

ORDERED that Plaintiff's motion is DENIED.


SO ORDERED.


| | |
|---|---|
| ———————————— | ———————————— |
| Dated | TREVOR N. McFADDEN |
| | United States District Court Judge |