UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MITCHELL WINE
101 NEWNATA CUTOFF
MOUNTAIN VIEW, ARKANSAS  72560                                          PLAINTIFF


VS.                                                    CIVIL ACTION NO.: 1:21-cv-03349 (TNM)


U.S. DEPARTMENT OF THE INTERIOR
1849 C STREET, N.W.
WASHINGTON, D.C.  20240                                                 DEFENDANT


### PLAINTIFF REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL

Plaintiff, *pro se*, replies to Defendant's September 27, 2022, response and does aver:

1. Plaintiff disputes there was no bench trial in this matter as evidence and argument were received by the judge in this matter from both parties and he subsequently made a ruling based on incomplete and inaccurate information due to Defendant misconduct. Therefore, a motion for a new trial (a jury trial as demanded) is a proper motion.

2. Defendant made the following information request from the Agency via email:

"**From:** Mitch Wine <mitchwine@hotmail.com>
**Sent:** Monday, July 30, 2018 8:26 PM
**To:** tiffany_mcclurkin@fws.gov <tiffany_mcclurkin@fws.gov>
**Subject:** FOIA Request July 30, 2018

Mitch Wine
101 Newnata Cutoff
Mountain View, AR 72560

**July 30, 2018**

RECEIVED
9/29/2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Tiffany McClurkin
Government Information Specialist
Freedom of Information Act (FOIA) Coordinator
U.S. Fish & Wildlife Service
Southeast Region (Region 4)
1875 Century Blvd, Suite 214
Atlanta GA 30345

Dear Ms. McClurkin,

I am requesting an opportunity to obtain copies of public records related to a December 14, 2017 search and seizure at my property (101 Newnata Cutoff, Mountain View, Arkansas) commissioned by managers (Chris Davidson and Melvin Tobin) at the U.S. Fish and Wildlife Service office in Conway, Arkansas. I would like a copy of all correspondence (to include but not limited to emails, phone records, text messages, phone call notes, video or audio recordings, letters, memoranda, reports, etc.) related to the incident. Please be sure to include all responsive intra- and inter-agency correspondence before, during, and after the forced entry onto the property.

If there are any fees for searching or copying these records, please inform me if the cost will exceed $20.  However, I would also like to request a waiver of all fees in that the disclosure of the requested information is in the public interest and will contribute significantly to the public's understanding of when law enforcement officers are allowed to enter private property, without probable cause of any crime nor a warrant, through a shut and locked gate displaying a "No Trespassing" sign.  This information is not being sought for commercial purposes. All responses are preferred in searchable electronic format via email if possible.

If you deny any or all of this request, please cite each specific exemption you feel justifies the refusal to release the information and notify me of the appeal procedures available to me under the law. Thank you for considering my request.

Sincerely,

*Mitchell Wine* (signature)

Mitch Wine
501-350-7663

P.S.

Please respond to this email upon receipt and let me know if I need to do anything additional to have the request processed."

    3. Plaintiff then followed up with this email to ensure Defendant was aware his request was for personal information and the request should be processed under the Privacy Act first and foremost:

"**From:** Mitch Wine <mitchwine@hotmail.com>
**Sent:** Friday, August 17, 2018 3:27 PM
**To:** Tiffany McClurkin <foiar4@fws.gov>
**Subject:** Re: [EXTERNAL] Re: FOIA FWS-2018-01084 Estimated Fees

Ms. McClurkin, please ensure you also apply the Privacy Act to my request. Search time charges are not allowed under the Privacy Act and investigation materials are subject to the Privacy Act. Thanks.

Sent from my iPhone"

4. Clearly Plaintiff requested materials under both the Freedom of Information Act and the Privacy Act, and the unlawfully withheld letter recently obtained by Plaintiff indicates the Defendant did not process the request under the Privacy Act.

5. Defendant continues to refuse to process the request under the Privacy Act and Defendant personnel Darrell Strayhorn informed Plaintiff on September 26, 2022, via email that her agency would not communicate with Plaintiff further regarding the lawful request for information.

6. Defendant claims the recently discovered documents related to Plaintiff's information request they failed to produce to this court in violation of law are not relevant to this case, but the documents are further proof of criminal activity committed by the Defendant as charged in this very case because Defendant clearly did not process the request under the Privacy Act and refuses to do so now.

7. Defendant was clearly instructed to apply the Privacy Act to the information requested by Petitioner and they made no argument the request was insufficient, yet they ignored the lawful request and purposely concealed the responsive information through deceit.

8. The decision letter from Defendant provided to this court was not presented to show exhaustion of remedies, as falsely pled by opposing counsel, but rather to

demonstrate Plaintiff is precluded from exhausting administrative remedies under the Privacy Act because Defendant is knowingly withholding evidence of felony crimes by Defendant personnel by thwarting the Privacy Act process.

9. The letter indicates Defendant knowingly refused to obey the Privacy Act by only applying the Freedom of Information Act to Plaintiff's lawful request for information under both laws, and Defendant withheld this information from the court on the advice of counsel.

10. Defendant has stated they will never release the information without a court order, so Plaintiff is puzzled as to why this court does not believe Defendant's own words.

11. Defendant has produced no proof they provided any information to Plaintiff regarding the lawful request for information described herein and they certainly did not produce the information via email as requested by Plaintiff.

12. If Defendant were acting in good faith, which they are not, they could have produced to this court at minimum the documents they falsely claim have been provided to Plaintiff related to the Privacy Act request. Clearly that would only provide more evidence the Privacy Act has not been applied to the request, in violation of law.

13. There is no possible way to exhaust administrative remedies under the Privacy Act when no Privacy Act analysis has been conducted by Defendant regarding the requested materials as evidenced by the response letter from Defendant submitted to this court.

14. Opposing counsel, Bradley Silverman, defamed Defendant when he stated the aforementioned response letter cast doubt on Plaintiff's assertion that he invoked the

Privacy Act in his information request. Quite the contrary, as it is a known fact Plaintiff specifically requested a Privacy Act response to his information request and Defendant purposely refused the request and then took measures to conceal the refusal to thwart administrative, and now legal proceedings.

15. Mr. Silverman is a corrupt government attorney and liar as demonstrated by information presented herein, and he should stick to provable facts in his assertions to this tribunal as he continues his attempts to defraud a disabled veteran out of his earned career employment through deceit.

16. Mr. Silverman is further demonstrated a liar when he dubiously states that Plaintiff was required to file his January 11, 2022, Amended Complaint within 21 days of his initial complaint filing, when the rules dictate that it could be filed without leave of the court within 21 days of "service" that was verified on the court record as January 4, 2022, to the U.S. Attorney for whom Silverman works.

17. Neither Defendant nor this court should consider an argument regarding service of process in this matter as there is no doubt when each party was served with the initial complaint and summonses according to the existing record. Opposing counsel now appears to concede his office was aware of the filing of the initial complaint as soon as December 13, 2021, but he has produced no proof of service for that date to contradict the proven receipt date of January 4, 2022.

18. Further, the court has broad leeway to accept an amended complaint at any time if it serves the ends of justice as it does here and Mr. Silverman's argument under Rule 15 would further fail if he were correct about there being no trial in this matter as that rule only applies to Amendments made prior to "trial".

19. Plaintiff filed his Amended Complaint timely raising issues from an underlying Merit Systems Protection Board mixed-case complaint, *inter alia*, seven days after the complaint was served to opposing counsel's office.

20. The Amended Complaint complies with court rules, was accepted for filing, and remains on the court docket and should be construed as a Petition for Review with civil rights violations detailed therein.

21. The aforementioned being true and correct, Plaintiff requests a new trial by jury in this matter and that he be allowed full discovery and injunctive relief as previously requested.

22. Plaintiff should also be allowed to further amend his complaint to add the state of Arkansas and other parties.

Respectfully submitted,

*Mitchell Wine*

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560
501-350-7663
mitchwine@hotmail.com

### CERTIFICATE OF SERVICE

This filing was transmitted to the court via email on September 29, 2022, at: dcdml_intake@dcd.uscourts.gov. It will be automatically transmitted to appropriate Defendant attorneys of record when uploaded to the court's electronic filing system.