UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MITCHELL WINE
101 NEWNATA CUTOFF
MOUNTAIN VIEW, ARKANSAS 72560                                   PLAINTIFF

VS.                    CIVIL ACTION NO.: 1:21-cv-03349 (TNM)

U.S. DEPARTMENT OF THE INTERIOR
1849 C STREET, N.W.
WASHINGTON, D.C. 20240                                          DEFENDANT


Leave to file GRANTED
TREVOR N. MCFADDEN  11/28/22
United States District Judge

## MOTION FOR EXTENSION OF TIME AND REQUEST FOR RULING ON PENDING MOTION TO COMPEL

Plaintiff, *pro se*, requests an extension of time in this matter to respond to this court's November 15, 2022, Order to December 5, 2022. Plaintiff also requests a ruling on his pending motion to compel Defendant to "meet and confer" regarding whether refiling of an underlying Merit Systems Protection Board (MSPB) appeal in any way "moots" the motion to alter judgement filed by Plaintiff in this matter. Plaintiff does aver:

1.      Defendant counsel, Bradley Silverman, refuses to "meet and confer" regarding Defendant's position regarding alleged mootness of Plaintiff's pending motion to alter judgment in this matter related to MSPB case DA-0353-22-0105-I-2 in violation of this court's Order, which demanded opposing counsel discuss their position on that very specific issue with Plaintiff prior to submitting statements to the court.

2.      As a result, Plaintiff is unable to determine why Defendant would not agree that Plaintiff's documented medical injuries were admitted by the Defendant to be work related, and therefore compensable from the Department of Labor Federal Employee Compensation

RECEIVED
11/22/2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Act fund in agency documentation (Exhibit A).

3. Medical evidence from an agency-approved and recommended health professional, Dr. Heidi Thompson (Exhibit B), clearly indicates a workplace injury caused by whistleblower reprisal and Defendant has produced no material evidence otherwise except that Davidson clearly avers to the Department of Labor in writing that he's blaming Plaintiff's medical conditions on Plaintiff's mother's medical trauma that occurred months after Plaintiff's medical injuries were documented to have begun due to fully documented reprisal.

4. Evidence overwhelmingly suggests Defendant violated 5 U.S.C. 2302(b)(14) in accessing Plaintiff's medical records to strip him of job duties and attempt to unlawfully discharge him from duty for disclosures of massive waste, fraud, and abuse associated with an unlawful hog farm in Arkansas that was later bailed out with millions of tax dollars.

5. The judge in the aforementioned MSPB case errantly dismissed Plaintiff's mixed-case reprisal appeal for lack of jurisdiction because she falsely claimed that restoration to duty following a compensable injury is not directly appealable to the MSBP and the judge is wrong in accordance with 5 C.F.R. 353.304.

6. Defendant further violated statutory law when they did not notify Plaintiff of his right to file an administrative discrimination complaint when MSPB refused a hearing to Plaintiff based on jurisdiction.

7. The refiling of the MSPB case is also inconsequential in this matter because Plaintiff timely filed for review of that case in this court after an initial dismissal based on procedural grounds, and Plaintiff is entitled to a hearing following discovery that should have resolved the matter within 120 days, which is now admittedly impossible and further evidence of harm.

8. Defendant counsel admits they have not discussed their position regarding any of the aforementioned issues in violation of this court's Order to "meet and confer" by outlining their positions on these issues.

9. Plaintiff, of course, avers he is entitled to a hearing following discovery on the issues discussed herein because no such hearing has occurred yet and is mandated by statutory law.

10. Defendant has not disclosed their position on specific issues mentioned in this court's Order and herein, so they should be compelled by this court to do so in response to Plaintiff's pending motion to compel.

11. Further, Defendant admits to an egregious unlawful home invasion under color of law at Plaintiff's private residence on December 14, 2017, and their counsel admits he lied to this court regarding 55+ pages of unlawfully withheld documents at issue in this case, and that would be used as evidence in any underlying MSPB case were they not being withheld in violation of the Privacy Act, *inter alia*.

12. The aforementioned being true and correct, Plaintiff seeks an extension of time in this matter to December 5, 2022, to file his statement ordered by this court, and Plaintiff seeks a ruling on his motion to compel Defendant to "meet and confer" regarding their position on issues described herein that address any alleged mootness of the pending motion to alter judgment.

13. Again, the overwhelming material evidence suggests Plaintiff suffers from a compensable injury and requested restoration to duty and was denied by Defendant which is a directly appealable matter to the MSPB. Defendant has produced no evidence otherwise nor have they conveyed their position on the matter to Plaintiff in writing or otherwise.

14. This court's Order demands the aforementioned be conferred upon by the parties in this matter prior to submitting position statements to the court and Plaintiff is unable to respond or narrow his ordered response to five pages without compliance by the Defendant with this court's lawful order.

Respectfully submitted,

*Mitchell Wine*

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560
501-350-7663
mitchwine@hotmail.com

## CERTIFICATE OF SERVICE

This filing was transmitted to the court via email on November 22, 2022, at: dcdml_intake@dcd.uscourts.gov. It will be automatically transmitted to appropriate Defendant attorneys of record when uploaded to the court's electronic filing system.

Accident Report - SMIS    Page 1 of 2

SMIS Menu ≡

# Accident Report

Accident Report Actions

Print This Page

### Details of the Accident

Back To Accident Repo

| | | | | |
|---|---|---|---|---|
| Context: | Standard Accident Report | Status: | Pending Final Safety Review | Perform Final Reviews |
| Date/Time: | 09/08/2015 12:00 AM | Reporter: | CHRISTOPHER L DAVIDSON | |
| Zip: | 72560 | Reviewer: | TYLER R HENDERSON | |
| Outcome: | 01 - Personal Injury Only | Report Date: | 04/27/2016 | |

**Org Where Occurred:** IN1504FF04ER1000
**Org Name:** ARKANSAS ECOLOGICAL SERVICES FIE

**Activity Desc:** _MITCHELL WINE_ Employee was performing normal duties, but was taking periodic FMLA leave from January - early March to provided extended care to his mother who suffered a stroke and heart attack.

**What Happened:** The Claimant Reported: MY CONDITION OF MAJOR DEPRESSIVE DISORDER WITH ANXIETY WAS SOLELY THE RESULT OF MY EMPLOYMENT. I'VE NEVER HAD A HISTORY OF MENTAL ILLNESS UNTIL MY AGENCY ACTED IN CONCERT WITH ANOTHER FEDERAL AGENCY TO DEFAME MY CHARACTER AND REMOVE JOB DUTIES FOR WHISTLEBLOWING.

**Place:** _ Arkansas/Conway ESFO, 1001 E. MAIN STREET MOUNTAIN VIEW

**Preventative Measures:** Reassigned job duties associated with section 7 consultations with FHWA and US Army Corps of Engineers.

**Activity:**
10 - General Work Activities, Other

**Unsafe Act:**
19 - No Unsafe Act

**Unsafe Condition:**
99 - Undetermined, Insufficient Information

**Mgmt. Causal Factor:**
87 - No Management Factor

### Reviewer's Notes

Reviewed. THenderson 5/3/2016 Medical care included prescription medication and lost time. Review completed 5-18-16. s/TNallett

### Injuries/Illnesses Related to this Accident

#### MITCHELL S WINE

**Privacy Case:** No

**Recordable Injury/Illness:** Yes          **OSHA 300 Case Number:** 2015-1503357

**Employee Stat:** 01 - Permanent          **Occ Code:** 0401

**Assigned Org:** IN1504FF04ER1000
**Assigned Org Name:** ARKANSAS ECOLOGICAL SERVICES FIE

**Did injury result in Fatality?** No

**Date Work Stopped:** 12-Apr-16          **Date Work Resumed:**

Exhibit A

https://www.smis.doi.gov/index.cfm?module=managerAccidents.accidentReport&acc_date=%7Bt...    5/18/2016

Accident Report - SMIS                                    Page 2 of 2

**What was Injured:** The Claimant Reported: MAJOR DEPRESSIVE DISORDER, SINGLE EVENT, WITH GENERAL ANXIETY AS A RESULT OF WORK SITUATION.

**Source of Injury:** Stress, anxiety

**Body Part:** CB - Head, Brain

**Nature:** DM - Mental Disorder; emotional stress; nervous condition

**Type Inj:** 620 - Stressed by (repeated action)

**Seatbelts worn:** N/A

**Cause:** 99 - Unclassified

**Source:** 0280 - Stress (emotional)

**Physician:** HEIDI THOMPSON DR

**Treatment Facility:** Health Park Hospital/Hot Springs, AR 717

**Emergency Room Treatment:** No

**Overnight Hospital Stay:** No

*Heidi M.M. Thompson, PhD.*

*306 Salem Rd., Suite 106*
*Conway, AR 72034*
*Phone: (501) 733-0829  •  FAX: (501) 358-4868  •  Email: heidimthompsonphd@att.net*

June 4, 2018

Mitch Wine submitted to a psychosocial assessment with me on 9/8/2015. His reason for requesting the assessment was job-related stress lasting the six to eight months prior to the assessment that he had been unable to manage alone. Mr. Wine reported night sweats/terrors, racing heart rate, waking up confused, afraid, dizzy, and with numb lips. During the day, Mr. Wine reported anxiety, irritability, depressed mood, decreased concentration, a reduction in trust, feeling unsafe at work, unable to experience interest in leisure activities, ruminating thoughts about the work situation of whistle blowing retaliation, second guessing himself and a reduction in social activities and engagements due to anxiety. As a result of the psychosocial assessment, I diagnosed Mr. Wine with an Adjustment Disorder with anxiety and depressed mood. Mr. Wine agreed to and attended individual therapy 2-3 times per month.

I updated Mr. Wine's diagnosis to Major Depressive Disorder, recurrent, severe and Generalized Anxiety Disorder on 4/8/2016 due to an intensifying degree of symptoms reported as a direct result of retaliatory actions taken by his supervisors at work. The interactions reported between Mr. Wine and his supervisors as well as actions by other authority figures in the due process system became increasingly severe and caused exacerbation of Mr. Wine's medical condition such that he was unable to perform his work duties. Mr. Wine requested several leaves of absence and unsuccessful work accommodations between 4/12/2016 and 11/30/2017 at which time Mr. Wine had exhausted all leave benefits and notified this therapist that a "removal from work" was proposed by his supervisors. Because he was told that he would be losing his health benefits at the time of work removal and because as long as he was not at work his symptoms were manageable, Mr. Wine did not return to therapy until 3/26/2018. At that session, Mr. Wine reported that he was unable to work at all for the agency due to home invasion ordered by the agency. He now has a new stress reminder: the sound of a car on gravel. He cannot focus on job tasks due to ruminating thoughts of past threats and disrespectful statements and constant fear of the agency "coming for him" and planning to do him harm should he return to work. He cannot communicate with supervisors or inter-agency employees. At his last appointment on 5/24/2018, Mr. Wine continued to report severe symptoms of anxiety, stress, and depression effecting his social and occupational functioning.

It is my estimation that Mr. Wine will never be able to return to FWS work. His current diagnoses are Generalized Anxiety Disorder (F41.1) and Major Depressive Disorder, recurrent, severe (F33.2). He has complied with all treatment recommendations and was moderately successful and reducing his symptoms as long as he was not involved at work, however, his symptoms have since progressed to his private life. Mr. Wine will continue with therapy once per month until his symptoms are manageable and his social functioning and health have returned to previous levels before the work events occurred.

Respectfully,

Heidi M.M. Thompson, PhD., LP
AR License #05-11P

Exhibit B