UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MITCHELL WINE**, <br><br> Plaintiff, <br><br> v. <br><br> **DEPARTMENT OF THE INTERIOR**, <br><br> Defendant. | Case No. 1:21-cv-03349 (TNM) |

## MEMORANDUM OPINION

Before the Court is *pro se* Plaintiff Mitchell Wine's Motion for a New Trial, *see* Pl.'s Mot., ECF No. 54, which the Court construes as a motion to alter or amend judgment under Rule 59(e), *see* Fed. R. Civ. P. 59(e).[1] Wine argues that this Court improperly dismissed his Civil Service Reform Act (CSRA) claim as time-barred when he in fact timely raised it. *See* Pl.'s Mot. at 1.[2] And Wine also submits evidence on his Freedom of Information Act and Privacy Act claims, *see id.* at 2–3, for which the Court held he failed to exhaust administrative remedies, *see* Mem. Op. at 6–7, ECF No. 52.

The Court declines to reconsider its holding on exhaustion because Wine has provided no new evidence that such extraordinary relief is warranted. And the Court finds that Wine's CSRA claim is moot. Wine appealed a decision by the Merit Systems Protection Board to this Court. But later, he refiled that same case before the Board and received another ruling. Therefore, the relief Wine sought (this Court's review of the Board's initial dismissal) can no longer be granted.

---

[1] Because Wine has not had a trial, Rule 59(a)(2) is inapplicable, despite Wine's arguments to the contrary. *See* Pl.'s Reply, ECF No. 56.

[2] The Court refers to the ECF-generated page numbers when citing to Wine's filings.

1

I.

The Court has already recounted the facts of this case. *See* Mem. Op. at 2–3. The core of Wine's suit is a FOIA request he submitted to the Department of the Interior regarding an alleged break-in by government officials at his property. *See* Second Am. Compl. at 1, ECF No. 32. Interior produced one email responsive to the FOIA request, but Wine was dissatisfied and sued. *See generally id.* The Court found that Wine did not file an administrative appeal of his FOIA request to Interior before suing here. *See* Mem. Op. at 2–3; 6–7. So it granted Interior summary judgment on this claim because Wine failed to exhaust administrative remedies. *See id.* at 7.

In his Rule 59(e) Motion, Wine now claims that he "recently attempted to exhaust administrative remedies" for his FOIA request. *See* Pl.'s Mot. at 2. And he submits a letter from Interior discussing documents responsive to his FOIA request. *See id.*, Ex. 1, ECF No. 54-1. Wine claims that the letter is "proof" that Interior "do[es] not intend to allow exhaustion of administrative remedies." *Id.* at 3; *see also id.* at 2 (arguing that Interior is "precluding" him from exhausting administrative remedies).

Wine also seeks reconsideration of the Court's dismissal of his CSRA claim as time-barred. *See id.* at 1; *see also* Mem. Op. at 8–9. Wine argues that he filed an appeal of the Board's dismissal of his CSRA claim here within the required 30-day time frame. *See* Pl.'s Mot. at 1.

The Board's administrative law judge (ALJ) initially dismissed Wine's CSRA claim in January 2022 because Wine argued that the ALJ was not properly appointed. *See* First Am. Compl., Ex. 1 (Initial Decision), ECF No. 8. In his decision, the ALJ explained that the Board

was evaluating the effect of *Lucia v. Securities Exchange Commission*, 138 S. Ct. 2044 (2018)[3] on the authority of its ALJs. *See id.* Therefore, "in the interests of administrative efficiency," the ALJ dismissed Wine's case pending the Board's evaluation of *Lucia*'s effect. *See id.* The Board's decision contained the following language: "This appeal will be automatically refiled by the Board on or around **November 1, 2022**. If the Board issues a decision addressing the *Lucia* issue prior to that date, [Wine] may file a request to refile the appeal." *Id.*

Because of this language, this Court requested supplemental briefing from the parties as to whether the automatic refiling deadline mooted Wine's request for reconsideration as to his CSRA claim. *See* Order, ECF No. 59.

## II.

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within 28 days after a court enters judgment. *See* Fed. R. Civ. P. 59(e). Granting such motions "lie[s] within the discretion of the Court." *Mercy Gen. Hosp. v. Azar*, 410 F. Supp. 3d 63, 70 (D.D.C. 2019). But such motions are "disfavored," and the movant "bears the burden of establishing extraordinary circumstances warranting relief from a final judgment." *Id.* This Court need not grant such a motion unless there is an intervening change in controlling law, new evidence, clear error, or a need to prevent manifest injustice. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). And a Rule 59(e) motion neither provides a chance "to reargue facts and theories" previously litigated, nor "is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002).

---

[3] In *Lucia*, the Supreme Court held that the Securities and Exchange Commission's ALJs violate the Constitution's Appointments Clause because they were officers of the United States appointed by commission staff rather than by the President, courts of law, or the heads of departments. *See generally* 138 S. Ct. 2044 (2018).

3

### III.

The Court first addresses Wine's argument about his FOIA and Privacy Act claims and then turns to his CSRA claim.

### A.

Recall that the Court dismissed Wine's FOIA and Privacy Act claims for failure to exhaust administrative remedies. *See* Mem. Op. at 6–7. Wine now argues that he has "attempted to exhaust administrative remedies" but that Interior will not let him. *See* Pl.'s Mot. at 2–3. And he submits a 2018 letter which he claims is "proof" that Interior will not allow him to exhaust. *See id.*, Ex. 1, ECF No. 54-1. Interior counters that Wine's arguments do not cast doubt on the Court's prior ruling regarding exhaustion. *See* Opp'n to Pl.'s Mot. to Alter or Amend the J. (Opp'n) at 4–5, ECF No. 55.

The Court agrees with Interior. Wine neither submits new evidence nor describes any error of the Court that warrants reconsideration of its prior holding on exhaustion. *See generally* Pl.'s Mot. The 2018 letter does not show that Interior prevented him from exhausting administrative remedies. *See generally* Second Am. Compl., Ex. 1. On the contrary, the letter informs Wine how he may exhaust administrative remedies. *See id.* at 4 (explaining that Wine may appeal Interior's partial denial of his FOIA request under 43 C.F.R. § 2.57 by writing to a particular address within a set amount of time). In any event, Wine had to exhaust administrative remedies *before* suing here; he cannot claim that he is now trying to exhaust to obtain reconsideration. *See, e.g.*, *CREW v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013).

Though Wine now tries to argue that Interior is unlawfully withholding 36 documents based on the information in the 2018 letter, *see id.* at 2, Wine sued Interior over its failure to produce one email, *see generally* Compl. at 1, ECF No. 1 (referencing one email Interior has

4

about the agency's alleged entry onto Wine's property); First Am. Compl. at 2–3 (same); Second Am. Compl. at 2, 4 (same). Because a Rule 59(e) motion is not "a vehicle for presenting theories or arguments that could have been advanced earlier," *Rann*, 209 F. Supp. 2d at 78, Wine cannot now litigate Interior's other withholdings.

In short, Wine has produced no evidence warranting reconsideration of this Court's holding that he failed to exhaust administrative remedies for his FOIA and Privacy Act claims. *See Mercy Gen. Hosp.*, 410 F. Supp. 3d at 70. The Court will deny his motion as to these claims.

## B.

Next up is Wine's argument that the Court improperly dismissed his CSRA claim as time-barred when he in fact raised it in his First Amended Complaint. *See* Pl.'s Mot. at 1. Interior argues that Wine did not timely raise this claim because that filing "was a nullity as it did not comport with Rule 15." *See* Opp'n at 2. Perhaps, but the Court is also mindful that it must "construe *pro se* filings liberally," and should read all of Wine's filings together before granting a motion to dismiss. *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *accord Weise v. FBI*, No. 1:20-cv-2572, 2022 WL 13947753, at *2–3 (D.D.C. Oct. 24, 2022) (discussing the tension between requiring litigants to comply with the Federal Rules of Civil Procedure and a court's duty to read all of a *pro se* litigant's filings together).

But even if Wine timely raised his CSRA claim, the Court now finds that it is moot. Article III of the Constitution limits this Court's jurisdiction to "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "Judicial review is precluded where events have so transpired that a judicial decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Abdelfattah v. DHS*, 787 F.3d 524, 534 (D.C. Cir. 2015) (cleaned up). "If the court determines that a claim is moot because it no longer

presents a live controversy, the court lacks jurisdiction to entertain the claim, and must dismiss it." *Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016).

The decision Wine initially presented for review is the Board's dismissal of his CRSA claim for procedural reasons. *See, e.g.*, First Am. Compl. at 1; Second Am. Compl. at 1. And he seeks reconsideration of the Court's dismissal of his Second Amended Complaint. *See* Pl.'s Mot. at 1. In its dismissal, the Board explained to Wine that it would automatically refile his appeal after November 1, 2022. *See* Initial Decision. But Wine beat the Board to it; both parties aver that Wine himself refiled his CSRA claim in August 2022. *See* Pl.'s Resp. to Court Order at 1, ECF No. 65; Def.'s Notice at 1, ECF No. 66. Interior also submits the Board's decision deciding Wine's refiled case. *See* Def.'s Notice, Ex. A.

Because Wine recently refiled his CSRA claim with the Board, and the Board decided it, any ruling by this Court as to the initial dismissal will not "affect the parties' rights." *Abdelfattah*, 787 F.3d at 534. This is so because Wine has effectively received the relief he sought: the Board's adjudication of his CSRA claim. *See, e.g.*, Second Am. Compl. at 1, 3; Def.'s Notice, Ex. A. Thus, there is no live controversy as to the Board's initial, procedural dismissal and Wine's Rule 59(e) motion is moot as to this claim. *See, e.g.*, *Cierco v. Lew*, 190 F. Supp. 3d 16, 25 (D.D.C. 2016) (finding a case moot where plaintiffs obtained the relief sought in their Complaint).

## IV.

For these reasons, Wine's Motion for a New Trial, which the Court construes as a Rule 59(e) motion, will be denied. A separate Order will issue today.

Dated: December 14, 2022                    TREVOR N. McFADDEN, U.S.D.J.