UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MITCHELL WINE,<br>Plaintiff,<br>v.<br>DEPARTMENT OF THE INTERIOR,<br>Defendant. | Civil Action No. 21-3349 (TNM) |

**MOTION FOR CLARIFICATION**

Pursuant to Federal Rule ("Rule") of Civil Procedure 60(a), Defendant Department of the Interior ("Interior"), by and through the undersigned counsel, respectfully moves to clarify what appears to be a clerical mistake in this Court's August 29, 2022, Memorandum Opinion, ECF No. 52. Specifically, Interior requests that this Court correct the Memorandum Opinion to clarify that the dismissal of Plaintiff Mitchell Wine's claim under 18 U.S.C. § 242, on the ground that this statute does not create a private cause of action, was a dismissal for failure to state a claim upon which relief can be granted, not for lack of subject-matter jurisdiction. The record indicates that the Court intended to dismiss Wine's claim under 18 U.S.C. § 242 for failure to state a claim upon which relief can be granted, and that any suggestion to the contrary is at most a mere clerical error. Whether this Court dismissed Wine's claim under 18 U.S.C. § 242 for failure to state a claim or lack of subject-matter jurisdiction determines the scope of the dismissal's res judicata effect in a new case Wine has filed, *Wine v. Department of Interior*, Civ. A. No. 23-0158 (JEB) (D.D.C.).

Pursuant to Local Civil Rule 7(m), the undersigned has conferred with Wine, who states his position as follows: "My position is that your clarification would be immaterial given that

different parties were involved and 18 USC 241 has been raised in the instant proceeding where it was not in 21-3349." A proposed order is attached.

**BACKGROUND**

Wine's amended complaint raised claims under the Freedom of Information Act ("FOIA") and Privacy Act, as well as numerous claims arising from an alleged entry onto his property on December 14, 2017, by federal employees. *See* Am. Compl., ECF No. 32. As relevant here, Wine purported to raise a claim under 18 U.S.C. § 242, which makes it a crime to "willfully subject[ ] any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." *Id.* ¶ 12. Interior moved for summary judgment on Wine's FOIA and Privacy Act claims, *see* Def.'s Mem. at 3-4, ECF No. 28, moved to dismiss several of Wine's other claims for lack of subject-matter jurisdiction, *see id.* at 5-6, and moved to dismiss the remainder of Wine's claims, including his claim under 18 U.S.C. § 242, for failure to state a claim upon which relief can be granted, *see id.*at 6-10.

On August 29, 2022, this Court "grant[ed] Interior's Motion for Summary Judgment on Wine's FOIA and Privacy Act claims," and "grant[ed] its Motion to Dismiss Wine's other claims for lack of subject matter jurisdiction and failure to state a claim." Mem. Op. at 1. As to Wine's claim under 18 U.S.C. § 242, the Court noted that Interior had argued that the claim "must be dismissed because Wine fails to supply a cause of action," *id.* at 12, that "the Supreme Court has been 'quite reluctant to infer a private right of action from a criminal prohibition alone,'" *id.* (quoting *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994)), and that "the D.C. Circuit has held that this provision confers no private right of action," *id.* at 13 (citing *Al-Hakim v. Obama*, 650 F. App'x 29, 29 (D.C. Cir. 2016)). The Court observed that "Wine cites no other cause of action to bring these claims." *Id.* "For these reasons," the Court wrote, "the Court will dismiss [Wine's] arguments that Interior and its official committed a felony." *Id.*

The Court dismissed the remainder of Wine's claims for lack of subject-matter jurisdiction, other than his FOIA and Privacy Act claims, as to which the Court granted Interior summary judgment. *See* Mem. Op. at 7-10 (dismissing Wine's claims under the Civil Service Reform Act, Americans with Disabilities Act, and Federal Tort Claims Act for failure to exhaust administrative remedies, which is jurisdictional under those statutes); *id.* at 11-12 (dismissing Wine's claims under the First, Fourth, and Fifth Amendments, and under 42 U.S.C. §§ 1982, 1983, and 1985, due to sovereign immunity, which is jurisdictional); *id.* at 13 (declining to exercise supplemental jurisdiction over state law claims). This Court concluded: "For these reasons, the Court will grant Interior's Motion for Summary Judgment as to Wine's FOIA and Privacy Act claims. The Court will also grant Interior's Motion to Dismiss Wine's remaining claims. A separate Order will issue." *Id.* at 14. In a footnote to this paragraph, this Court stated: "Because the Court grants dismissal under Rule 12(b)(1), it need not consider Interior's arguments under 12(b)(6)." *Id.* at n.4.

Wine filed a "motion for new trial," ECF No. 54, which this Court construed as a motion to alter or amend the judgment and denied, ECF No. 70. Wine then sought relief from judgment, ECF No. 72, which this Court denied, explaining that the new motion "provides no new evidence that would cause the Court to reconsider its prior ruling denying reconsideration," Min. Order (Jan. 9, 2023). On January 11, 2023, Wine attempted to file three documents on the docket, but this Court denied leave to file as to all three of them, *see* ECF Nos. 73, 74, 75.

The very next day, on January 12, 2023, Wine filed a new civil action in this District raising claims that largely overlap with and/or are identical to the claims that he raises in this action arising from the alleged December 14, 2017, entry onto his property. *See generally* Compl., *Wine*, Civ. A. No. 23-0158, ECF No. 1. Soon after, Wine was convicted of threatening and harassing an Arkansas state judge and sentenced to several months in prison. *See Wine v. State*, 2024 Ark. App. 309

(2024); Mot. Vacate, *Wine*, Civ. A. No. 23-0158, ECF No. 8; Because Wine was incarcerated, he did not effect service of process on the Federal Defendants until January and April 2024 (and then did so defectively). *See* Service Returns, *Wine*, Civ. A. No. 23-0158, ECF Nos. 9, 10, 19.

The Federal Defendants in Wine's new lawsuit, including Interior, moved to dismiss his complaint. *See* Mem. Supp. Mot. Dismiss, *Wine*, Civ. A. No. 23-0158, ECF No. 27-1. They argue, as relevant, that claim preclusion bars all but one of his new claims because those claims share a common nucleus of operative fact with the 18 U.S.C. § 242 claim that this Court dismissed. *Id.* at 18-20. Wine responded that this Court's dismissals of his claim under 18 U.S.C. § 242 was for lack of subject-matter jurisdiction, not failure to state a claim, and thus, claim preclusion does not bar any claim in his new suit. *See* Pl.'s Resp. ¶ 27, *Wine*, Civ. A. No. 23-0158, ECF No. 29.

**ARGUMENT**

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). This rule "applies when the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another." *Wye Oak Tech., Inc. v. Republic of Iraq*, Civ. A. No. 10-1182 (RCL), 2023 WL 2777346, at *2 (D.D.C. Mar. 6, 2023). This Court should clarify that its dismissal of Wine's claim under 18 U.S.C. § 242 was for failure to state a claim upon, not lack of subject-matter jurisdiction. The record indicates that this Court intended to dismiss this claim for failure to state a claim, and that any suggestion to the contrary was a mere clerical error.

Whether the dismissal was for failure to state a claim or lack of subject-matter jurisdiction determines the scope of the dismissal's res judicata effect Wine's new suit. A dismissal for failure to state a claim would have claim preclusive effect, and thus bar all claims that Wine raises in his new suit arising from the alleged December 14, 2017, entry onto his property, whereas a dismissal for lack of subject-matter jurisdiction would have only issue preclusive effect, and thus bar only

his new 18 U.S.C. §§ 241 and 242 claims. Granting the relief requested would not "change the substance or order of a judgment," which Rule 60(a) forbids. *Id.* The Court's order dismissing Wine's claims did not specify whether the dismissal of his 18 U.S.C. § 242 claim was for failure to state a claim or lack of subject-matter jurisdiction. *See* Order (Aug. 29, 2022), ECF No. 53. The relief sought thus would be a mere clarification, not a change to the order's substance.

Three aspects of the record in this case indicate that this Court appears to have intended to dismiss Wine's claim under 18 U.S.C. § 242 for failure to state a claim upon which relief can be granted, not for lack of subject-matter jurisdiction. *First*, a dismissal on the ground that a statute does not create a private cause of action generally is a dismissal for failure to state a claim, not for lack of subject-matter jurisdiction. *See, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) ("the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case"); *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction"); *Veitch v. England*, 471 F.3d 124, 128 (D.C. Cir. 2006) ("The existence vel non of a cause of action is not a jurisdictional question"); *Boose v. District of Columbia*, 786 F.3d 1054, 1059 (D.C. Cir. 2015) ("A court does not lack jurisdiction merely because the complaint may fail to state a claim, and whether the complaint states a cause of action on which relief could be granted must be decided after and not before the court has assumed jurisdiction." (cleaned up)).

To be sure, dismissal for absence of a cause of action may be for lack of subject-matter jurisdiction if the claim is sufficiently insubstantial. *See Lexmark Int'l*, 572 U.S. at 128 n.4; *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so

insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" (quotation marks omitted)). But although it may not be unreasonable to characterize as insubstantial any contention that 18 U.S.C. § 242, a criminal statute, creates a private cause of action, this Court's dismissal of Wine's 18 U.S.C. § 242 claim does not seem to rest on that rationale. *See* Mem. Op. at 12-13. Rather, the Court appears to have concluded that 18 U.S.C. § 242 does not create a private cause of action but not that Wine's argument is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steele Co.*, 523 U.S. at 89. Reinforcing this appearance is that the D.C. Circuit case that this Court cited in dismissing Wine's claim, *Al-Hakim*, 650 F. App'x at 29, itself affirmed the dismissal of an asserted claim under 18 U.S.C. § 242 for failure to state a claim, not for lack of subject-matter jurisdiction, *see* Mem. Op. at 2, *Al-Hakim v. Obama*, Civ. A. No. 15-1789 (RJL) (D.D.C. Oct. 21, 2015), ECF No. 4.

*Second*, this Court indicated that it was dismissing at least one of Wine's claims for failure to state a claim upon which relief can be granted, and the remainder of its dismissals were for lack of subject-matter jurisdiction. The Court explained that it would grant Interior summary judgment as to Wine's FOIA and Privacy Act claims, and "will grant its Motion to Dismiss Wine's other claims for lack of subject matter jurisdiction and failure to state a claim." Mem. Op. at 1. But the Court's dismissals of Wine's other claims each were for lack of subject-matter jurisdiction. *See id.* at 7-10 (dismissing claims under Civil Service Reform Act, Americans with Disabilities Act, and Federal Tort Claims Act for failure to exhaust administrative remedies); *id.* at 11-12 (dismissing claims under First, Fourth, and Fifth Amendments, and 42 U.S.C. §§ 1982, 1983, and 1985 because of sovereign immunity); *id.* at 13 (declining to exercise supplemental jurisdiction over state law claims). Because the Court indicated that at least one of the dismissals was for failure to state a

claim, and the remainder of its dismissals were for lack of subject-matter jurisdiction, the natural implication is that the dismissal of Wine's 18 U.S.C. § 242 claim was for failure to state a claim.

*Third*, Interior moved to dismiss Wine's claim under 18 U.S.C. § 242 only for failure to state a claim upon which relief can be granted, not for lack of subject-matter jurisdiction. *See* Def.'s Mem. at 9-10. While this Court may dismiss a claim for lack of subject-matter jurisdiction sua sponte, it seems unlikely that the Court would have dismissed Wine's claim on a ground that Interior itself had not advanced without clearly indicating that it was intending to do so. As such, although the Court stated in a footnote that "[b]ecause [it] grants dismissal under Rule 12(b)(1), it need not consider Interior's arguments under 12(b)(6)," Mem. Op. at 14 n.14, the record indicates that the Court appears to have been referring solely to Wine's other claims, which it did dismiss on jurisdictional grounds; that the Court did not intend the footnote language to encompass Wine's 18 U.S.C. § 242 claim; and that any suggestion to the contrary was at most a minor clerical mistake.

Whether the Court dismissed Wine's 18 U.S.C. § 242 claim for failure to state a claim or lack of subject-matter jurisdiction, meanwhile, determines the scope of the dismissal's res judicata effect in Wine's new suit. "[R]es judicata comprises two distinct doctrines regarding the preclusive effect of prior litigation"—issue preclusion and claim preclusion. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020). Issue preclusion merely "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Id.* Claim preclusion, however, has a far broader effect. "Unlike issue preclusion, claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Id.* at 412. "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were

asserted or determined in the prior proceeding." *Id.* (quotation marks omitted). "Suits involve the same claim (or 'cause of action') when they arise from the same transaction or involve a common nucleus of operative facts." *Id.* (cleaned up). Claim preclusion thus can prevent litigation of "issues [that] were not litigated in the prior action." *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021).

Importantly here, "dismissal for failure to state a claim under [Rule] 12(b)(6) is a judgment on the merits," and thus has claim preclusive effect. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (dismissal under Rule "12(b)(6) presents a ruling on the merits with res judicata effect"). "Dismissals for lack of jurisdiction, however, are not decisions on the merits and therefore have no claim preclusive effect on subsequent attempts to bring suit in a court of competent jurisdiction." *Nextwave Personal Commc'ns v. FCC*, 254 F.3d 130, 143 (D.C. Cir. 2001) (cleaned up). As such, "dismissal for lack of jurisdiction does not have the same broad preclusive effect as a dismissal on the merits" —it just "preclude[s] relitigation of the precise issue of jurisdiction that led to the initial dismissal." *Casey v. Dep't of State*, 980 F.2d 1472, 1475 (D.C. Cir. 1992) (quotation marks omitted).

This distinction matters because Wine's claims in his new suit, except for one new claim under the False Claims Act, all share a common nucleus of operative fact with his claim under 18 U.S.C. § 242 in this suit—they all arise from an alleged December 14, 2017 entry onto his property by federal employees. *Compare* Am. Compl. ¶ 12, *with* Compl., *Wine*, Civ. A. No. 23-0158, ECF No. 1. As such, if this Court dismissed Wine's claim under 18 U.S.C. § 242 for failure to state a claim, then claim preclusion bars all his claims in his new suit other than his False Claims Act claim. If this Court dismissed his claim under 18 U.S.C. § 242 for lack of subject-matter jurisdiction, however, then that dismissal would only "preclude relitigation of the precise issue of jurisdiction" of whether there is jurisdiction over that specific claim, and possibly also 18 U.S.C.

§ 241, which is phrased similarly. *Casey*, 980 F.2d at 1475. It would not otherwise preclude any claims that Wine might raise in arising from the alleged December 14, 2017, entry onto his property, i.e., most claims that Wine made in his new suit.

Notably, there is no time limit to seek relief under Rule 60(a), unlike for Rule 60(b). *See* Fed. R. Civ. P. 60. Regardless, Interior has sought Rule 60(a) relief within a reasonable time. At the time this Court issued its Memorandum Opinion, the precise basis for the dismissal of Wine's claim under 18 U.S.C. § 242 did not appear to have any practical significance. Only after Wine filed a new suit raising numerous claims that share a common nucleus of operative fact with his claim under 18 U.S.C. § 242 in this suit did the question of whether this Court dismissed that claim for failure to state a claim or lack of subject-matter jurisdiction become relevant. That distinction became apparent only once Wine filed his new suit and (defectively) served process upon the Federal Defendants. At that point, Interior promptly moved for Rule 60(a) relief in this Court.

* * *

## CONCLUSION

Because the record indicates that this Court intended to dismiss Wine's 18 U.S.C. § 242 claim for failure to state a claim upon which relief can be granted and that any language in footnote 4 suggesting otherwise appears to have been at most a minor clerical mistake, this Court should clarify that it dismissed Wine's 18 U.S.C. § 242 claim for failure to state a claim.

Dated: June 7, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: *\/s/ Bradley G. Silverman*
BRADLEY G. SILVERMAN
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MITCHELL WINE,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | Civil Action No. 21-3349 (TNM) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion for clarification, and the entire record herein, it is hereby

ORDERED that Defendant's motion is GRANTED;

ORDERED that this Court's August 29, 2022 Memorandum Opinion is CORRECTED to clarify that the Court dismissed Plaintiff's asserted claim under 18 U.S.C. § 242 for failure to state a claim upon which relief can be granted, not for lack of subject-matter jurisdiction.

SO ORDERED.

____________________
Dated

______________________________
TREVOR N. McFADDEN
United States District Judge