UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MITCHELL WINE
101 NEWNATA CUTOFF
MOUNTAIN VIEW, ARKANSAS  72560                            PLAINTIFF

VS.              CIVIL ACTION NO.: 1:21-cv-03349 (TNM)

U.S. DEPARTMENT OF THE INTERIOR
1849 C STREET, N.W.
WASHINGTON, D.C.  20240                                        DEFENDANT

## MOTION FOR RELIEF FROM JUDGMENT

Plaintiff, *pro se*, moves this court to provide relief from its judgment entered on August 29, 2022, and clarified by Minute Order on July 19, 2024, under Fed. R. Civ. P. 60(b)(1). Plaintiff does aver:

1. Judge McFadden is mistaken when he claims in his Minute Order that, "It is settled law that "[P]rivate parties lack both standing and a cause of action to enforce the criminal law."".

2. In making the aforementioned assessment, Judge McFadden cites his own recently adjudicated case (*Jean-Baptiste v. U.S. Dept of Just.*, No. 1:23-cv-02298 (TNM)) which cites to *United States v. Texas*, 599 U.S. 670, 677 (2023) and thence to *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

3. Nowhere in the courts has there ever been a determination by anyone other than Judge McFadden that "private parties lack both standing and a cause of action to enforce the criminal law", and none of the cases cited by Judge McFadden would

RECEIVED
JUL 28 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

support such a mistaken conclusion of law that blatantly violates state statutory law, *inter alia*.

4. For example, the state of Arkansas has a citizen's arrest law (A.C.A. 16-81-106) whereupon a private citizen may make a lawful citizen's arrest of anyone suspected of committing a felony act, and Washington, D.C. Code states under § 23–582, "a citizen's arrest can only be made by a private person who has probable cause to believe the person being arrested is committing a felony".

5. An arrest is the commencement of a prosecution and even if this were not the case, lawful citizen's arrest certainly qualifies as "enforcement" of criminal law, which is contrary to this court's findings that have now been clarified by Minute Order.

6. Plaintiff moved this court to allow him to amend his complaint to add parties as well as additional causes of action and this court claimed that such an amendment would not cure jurisdictional/standing defects and this court was mistaken.

7. Plaintiff now understands that former Department of the Interior employee Ray Limon was the highest-ranking known Defendant official involved in felonious criminal acts by Defendant personnel committed on December 14, 2017, as detailed in Plaintiff's complaint(s).

8. The aforementioned acts included, at minimum, felony breaking and entering of Plaintiff's property in addition to felony violations of 18 U.S.C. 241 and 242.

9. Ray Limon was directly involved in dispatching law enforcement to Plaintiff's property through Defendant personnel located in Arkansas, and Ray Limon did so from Washington, D.C. thus this court has both personal and subject matter jurisdiction related to this complaint.

10. Ray Limon and Defendant personnel are public servants and under Arkansas statute A.C.A. 5-1-109 such public servants may be prosecuted within five years of leaving office or within five years of the criminal acts being discovered thus no statute of limitations has been violated in this matter.

11. Plaintiff was maliciously prosecuted and unlawfully imprisoned for proposing the lawful citizen's arrest of Defendant personnel related to their felony misconduct and this court has now mistakenly provided Defendant and their personnel (among others) immunity from harmful felony misconduct by negating lawful citizen's arrest statutes as described herein.

12. Ray Limon used his duty position to force Plaintiff into a settlement agreement ending his federal biologist career with Defendant and this agreement is now being used as a *defacto* gag order to prevent Plaintiff from contesting his removal from duty by revealing criminal acts of Defendant related to the events of December 14, 2017.

13. Plaintiff continues to aver that Ray Limon (and other conspirators) is subject to lawful citizen's arrest for his felonious misconduct that harmed Plaintiff as described herein and in his complaint(s) to this tribunal.

14. This court has now opined through clarification that Plaintiff lacks standing to commence a prosecution against public officials engaged in felonious activities by placing them under citizen's arrest and this court is wrong factually and legally.

15. In *United States v. Texas*, it was explained in the opinion that, "In its view, this case can be resolved based on what it calls the "fundamental Article III principle" that "'a citizen lacks standing to contest the policies of the prosecuting authority when he

himself is neither prosecuted nor threatened with prosecution.'" Ante, at 1 (quoting *Linda R. S. v. Richard D.*, 410 U. S. 614, 619 (1973))."

16. Clearly *United States v. Texas* is not controlling in the instant proceeding as Plaintiff is the subject of a malicious prosecution caused by Defendant, and the instant case is distinguishable from *Linda R. v. Richard D.* because Plaintiff is seeking relief that he is indeed entitled to under the law and that can be provided by this tribunal as a result of damages caused by felonious acts of Defendant (and others).

17. Plaintiff is seeking both to enforce the law via lawful citizen's arrest and is also seeking redress for damages caused by felonious acts of Defendant (and others).

18. This court has errantly opined that Plaintiff cannot enforce criminal law when he is the subject of both the felonious criminal act(s) themselves and a malicious prosecution that arose from defending himself from those felonious acts.

19. This court has also mistakenly opined that Plaintiff may not seek redress from damages directly caused by felonious acts of public officials while conflating such redress with prosecution of criminal actors (seeking civil redress in this court for harm caused by felonious acts is not akin to criminal prosecution of the individuals responsible for the felonious acts).

20. In summary, this court egregiously and dangerously erred when it opined that private parties lack a cause of action and standing to "enforce the criminal law" when such a ruling clearly conflicts with state private citizen's arrest laws as described herein and with other state criminal laws such as the criminal trespass law in Arkansas that explicitly states a private right of action for redress.

21. Plaintiff does indeed have a cause of action against Defendant (and others) to enforce criminal law when he is the target of harmful felonious acts, and Plaintiff does have standing in this court when he is maliciously prosecuted for merely defending himself from the felonious acts of persons located in Washington, D.C.

22. Plaintiff was unable to file this motion for relief prior to clarification by the court provided on July 19, 2024, thus the motion is timely.

23. The aforementioned being true and correct, Plaintiff moves this court to reopen his complaint and allow him to amend the complaint to cure any defects related to jurisdiction/standing, and to add parties and additional causes of action.

Respectfully submitted,

*Mitchell Wine*

Mitchell Wine
101 Newnata Cutoff
Mountain View, Arkansas 72560
501-350-7663
mitchwine@hotmail.com

## CERTIFICATE OF SERVICE

This filing was emailed to the court on July 28, 2024, and will be uploaded to the court's electronic filing system thus transmitted to attorneys of record.